**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

AARON JOHNSON,

                Petitioner

    v.

WARDEN FCI ALLENWOOD
MEDIUM,

                Respondent.

CIVIL ACTION NO. 3:25-CV-01237

(MEHALCHICK, J.)

**MEMORANDUM**

Pending before the Court is Petitioner Aaron Johnson ("Johnson") petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. (Doc. 1). For the reasons set forth below, the petition will be dismissed as moot.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

In July of 2025, while incarcerated at the Federal Correctional Institution Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, Johnson commenced the above-captioned action by filing a Section 2241 petition seeking to be placed in a residential reentry center or halfway house under the Second Chance Act or First Step Act ("FSA"). (Doc. 1). The Court received the petition on July 8, 2025. (Doc. 1). On July 11, 2025, the Court received payment of the filing fee.

On February 2, 2026, the Court issued an order recognizing that Johnson's release date had been moved forward by a full year and directing Respondent to file a case update explaining the change in Johnson's release date. (Doc. 10). On February 9, 2026, Respondent provided notice to the Court detailing that Johnson's recidivism risk was downgraded from

medium to low and he was not eligible for the application of his earned time credits under the FSA. (Doc. 11).

The Court reviewed the BOP inmate locator more recently, which revealed that Johnson was in prerelease custody managed by the Residential Reentry Management Philadelphia filed office. The BOP inmate locator is available at the following website: https://www.bop.gov/inmateloc/. This website reflects that Johnson, having a "Register Number" of "77069-067," was "Located at: Philadelphia RRM."

**II.    DISCUSSION**

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *Abreu*, 971 F.3d at 406 (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *Abreu*, 971 F.3d at 406 (citing *DeFoy*, 393 F.3d at 441).

Here, the relief sought in Johnson's petition was to be placed in a residential reentry center or halfway house under the Second Chance Act or the FSA. (Doc. 1). This has occurred in this case. Therefore, the petition is now moot.

Furthermore, the Court notes that upon his placement in prerelease custody, Johnson failed to update the Court with his new address. Local Rule 83.18 requires unrepresented parties to maintain an address on file with the Clerk's Office. Upon the initiation of this action, Johnson was made aware that he had "an affirmative obligation to keep the Court informed of his or her current address. If the Plaintiff/Petitioner changes his or her address while the lawsuit is being litigated, the Plaintiff/Petitioner shall immediately inform the Court of the change in writing." (Doc. 2). Despite this the Court has not received any notice of a change of address from Johnson. The Court's February 2, 2026 order was returned to the Court as undeliverable. (Doc. 12). Based on this, the Court is left to view this action as abandoned.

### III.    CONCLUSION

Accordingly, because the petition is now moot and Johnson appears to have abandoned the lawsuit, Johnson's Section 2241 petition will be dismissed as moot. An appropriate order follows.

**Dated: April 8, 2026**                                    *s/ Karoline Mehalchick*
                                                   **KAROLINE MEHALCHICK**
                                                   **United States District Judge**